UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:05CR-130-CRS-2

JAMES D. KNOX                                                                 MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                       RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant James D. Knox filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 111). On preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court directed Knox to show cause why his motion should not be denied as untimely. Knox has responded.

### I.

In 2006, after entering a guilty plea, Knox was convicted of conspiracy to possess with intent to distribute 5 grams or more of cocaine base (count 1), possession with intent to distribute cocaine base (counts 2 and 3), possession with intent to distribute 5 grams or more of cocaine base and aid and abet the same (count 4), and possession with intent to distribute marijuana and aid and abet same (count 5). He was sentenced as a career offender to 188 months' imprisonment. Knox did not file a direct appeal of his conviction. He filed the instant § 2255 motion on April 21, 2017.[1]

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

**II.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

As the Court explained in its Memorandum and Order, Knox's judgment became final on September 29, 2006, and he had one year, or until September 29, 2007, in which to file a timely motion under § 2255. Accordingly, Knox's motion was filed almost ten years after the statute of limitations expired.

In the motion, Knox challenged his classification as a career offender under the U.S. Sentencing Guidelines based on the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Supreme Court decided *Mathis* on June 23, 2016. Thus, Knox's § 2255 motion was filed within one year of that decision. However, the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made

retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.") (internal quotation marks omitted).

Knox's § 2255 motion also cited to *United States v. Descamps*, 133 S. Ct. 2276 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, Knox's motion was filed more than one year after either of these decisions. Thus, even were these decisions to be applied retroactively to cases on collateral review, Knox's § 2255 motion is untimely.

The remaining case cited by Knox, *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), was decided on direct appeal and has no application here. *Hinkle*, 832 F.3d at 570.

In his response to the Court's order to show cause, Knox argues that his court-appointed attorney told him after he was sentenced that it would be useless to appeal or file a § 2255 until the law changed regarding his status as a career offender. Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). However, equitable tolling does not apply merely because Knox received allegedly erroneous advice from his attorney. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("[R]eliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling."); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, a lawyer's mistake is not a valid basis for equitable tolling." (internal quotation marks and citation omitted)); *Howell v. United States*, No. 12-2865-STA-TMP, 2015 WL 3407217, at *5 (W.D. Tenn. May 26, 2015) ("Erroneous advice by . . . an attorney presents no basis for equitable tolling because a habeas petitioner has no federal constitutional right to counsel to mount collateral attacks on his conviction."); *Russell v. United States*, No. 3:11-CR-79-TAV-HBG, 2014 WL 3400973, at *2 (E.D. Tenn. July 10, 2014) ("Assuming that petitioner received erroneous advice from counsel, he is not entitled to equitable tolling on that basis.").

3

The Court therefore finds that Knox's § 2255 motion is subject to the one-year limitations period of § 2255(f)(1) and is time-barred.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: September 18, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc: Movant/Defendant, *pro se*
United States Attorney
4411.009